900 F.2d 251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Grady B. ELKINS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2867.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1990.
Decided March 15, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (BRB Nos. 87-169-BLA, iqc-gg-dvza.
 Grady B. Elkins, petitioner pro se.
 Sylvia Theresa Kaser, Michael John Rutledge, Donald Steven Shire, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 DISMISSED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Grady B. Elkins seeks review of the Benefits Review Board's decision and order remanding the case for further evaluation by the administrative law judge. We dismiss the petition for review for lack of jurisdiction.
 
 
 2
 As the order appealed from is not a final order, it is not appealable under 33 U.S.C. Sec. 921(c), incorporated into the Black Lung Benefits Act at 30 U.S.C. Sec. 932(a). See Firestone Tire & Rubber Company v. Risjord, 449 U.S. 368 (1981). This Court has held that the Sec. 921(c) final order rule closely parallels the rule for appeals from final orders of district courts found at 28 U.S.C. Sec. 1291. Newport News Shipbuilding and Dry Dock v. Director, OWCP, 590 F.2d 1267, 1268 (4th Cir.1978). The Board order is clearly not final since it does not conclusively determine the merits or otherwise end the litigation of Elkins' claim. Further, this case does not fall within the collateral order exception to the final order rule. That exception requires that the order conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431 (1985). Rather, the remand order concerns routine evidentiary issues directly related to the merits of the claim.
 
 
 3
 Finding no basis for appellate jurisdiction, we dismiss the petition for review as interlocutory. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 DISMISSED